FILED'06 SEP 22 10:46USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID A. DIXON,

        Plaintiff,

   v.

CITY OF ROCKAWAY BEACH, an
Oregon municipality, and
LARRY F. MURRAY, Police Chief
for the City of Rockaway Beach,

        Defendants.

Civ No. 05-1684-AA
OPINION AND ORDER

---

David H. Griggs
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205

Alan A. Lave
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
    Attorneys for plaintiff

Gerald L. Warren
280 Liberty Street SE, Suite 206
Salem, Oregon 97301
    Attorney for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit against both defendants under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights to be free from unreasonable seizure, and against defendant Rockaway Beach under a state law claim for malicious prosecution. Defendants move for summary judgment on all claims. Plaintiff concedes summary judgment on the Section 1983 claim against defendant Rockaway Beach, therefore defendants' motion is granted on that claim. For the reasons stated below, summary judgment is granted to defendants on all claims.

## I. BACKGROUND

On August 26, 2003, defendant Murray, chief of police for the city of Rockaway Beach, responded to a report of a dead dog in the vicinity of plaintiff's home. The dog was discovered in a ditch with an arrow protruding from its side. After speaking briefly with some of the individuals who gathered around the scene, defendant Murray commenced an investigation and reported his findings to the district attorney. Based on that report, the district attorney convened a grand jury on or around October 30, 2003. The grand jury returned an indictment against plaintiff for felony Animal Abuse I.

Following the grand jury proceeding, on November 18, 2003, defendant Murray arrested the plaintiff. On May 6, 2004, plaintiff went to trial. The trial court dismissed the case at the close of the prosecution's case in chief.

2 - OPINION AND ORDER

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

3 - OPINION AND ORDER

III. DISCUSSION

A.  Section 1983 Claim against defendant Murray

Plaintiff first alleges that defendant Murray violated his rights under the Fourth and Fourteenth Amendments. Specifically, plaintiff alleges that defendant Murray violated his right to be free from unreasonable seizure of his person by arresting him without probable cause.

Plaintiff fails to state a claim under the Fourteenth Amendment. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989) (internal quotation marks omitted)).

Here, the Fourth Amendment provides the explicit source of protection for an alleged arrest without probable cause. U.S. v. Davis, 197 F.3d 1048, 1051 (10th Cir. 1999) (citing Henry v. United States, 361 U.S. 98, 102 (1959)). Thus, plaintiff cannot assert a right under the Fourteenth Amendment and defendant is entitled to summary judgment on that portion of the claim.

Plaintiff also fails to show a violation of his rights under the Fourth Amendment. "The Fourth Amendment requires that arrest warrants be based upon probable cause, supported by [o]ath or affirmation--a requirement that may be satisfied by an indictment

4 - OPINION AND ORDER

returned by a grand jury." Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (internal quotation marks omitted). Even where an arrest follows indictment by a grand jury, it may be possible for the plaintiff to assert lack of probable cause by challenging the validity of the grand jury indictment. See Hart v. Parks, 450 F.3d 1059, 1070 (9th Cir. 2006) (plaintiff alleged indictment was invalid because police presented false and misleading testimony to grand jury).

It is undisputed here that plaintiff's arrest occurred following a grand jury proceeding in which he was indicted for Animal Abuse I. Based on the grand jury's finding of probable cause, an arrest warrant was issued for the plaintiff. It is also undisputed that plaintiff's arrest occurred pursuant to that warrant. Following the decisions in Kalina and Hart, the grand jury's indictment was sufficient to establish probable cause for an arrest warrant, and therefore for the arrest, unless plaintiff can show that the grand jury indictment itself was invalid.

Plaintiff seeks to challenge the validity of the grand jury indictment by asserting that defendant Murray both submitted a falsified property report to the district attorney and withheld exculpatory information *prior to* the convening of the grand jury. In response, defendant Murray provides an affidavit from the district attorney regarding the district attorney's decision to prosecute and the validity of the grand jury proceedings. Plaintiff fails to go beyond the pleadings and identify facts

5 - OPINION AND ORDER

contrary to the district attorney's assertions or otherwise establish any genuine issues for trial. "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Because plaintiff fails to establish a genuine issue of disputed fact regarding the validity of the grand jury indictment, the grand jury's finding of probable cause was sufficient to issue a valid arrest warrant. That valid warrant enabled defendant Murray to make a lawful arrest based on that warrant. Defendant is entitled to summary judgment as a matter of law on plaintiff's Fourth Amendment claim.

B.  Section 1983 Claim against defendant Rockaway Beach

Plaintiff concedes summary judgment related to his Section 1983 claim against defendant Rockaway Beach. Therefore, finding no disputed issue of material fact related to this claim, defendants' motion for summary judgment is granted.

C.  Malicious Prosecution Claim against defendant Rockaway Beach

Plaintiff's final claim alleges that defendant Rockaway Beach, acting through defendant Murray, is liable for malicious prosecution under Oregon common law. In Oregon, a claim for malicious prosecution requires plaintiff to show, *inter alia*, malice on the part of the defendant and lack of probable cause for the proceeding. Waldner v. Dow, 128 Or. App. 197, 200, 876 P.2d 785 (1994).

6 - OPINION AND ORDER

Plaintiff's claim for malicious prosecution fails. Plaintiff has shown neither lack of probable cause nor malice. "Proof of probable cause is a complete defense to" malicious prosecution. <u>Gustafson v. Payless Drug Stores Northwest, Inc.</u>, 269 Or. 354, 356, 525 P.2d 118 (1974). As discussed, plaintiff's arrest occurred pursuant to a valid arrest warrant, based on probable cause, stemming from a valid grand jury indictment.

Plaintiff fails to go beyond the pleadings to show any malice by defendants. Plaintiff admits that the only prior contacts he had with defendant Murray played no role in his prosecution, and offers no testimony or facts which would lead to a different conclusion. Having failed to offer such facts, plaintiff fails to establish a genuine issue of material fact, and therefore defendants' motion for summary judgment is granted.

### IV. CONCLUSION

For the reasons given above, defendants' Motion for Summary Judgment (doc. 17) is GRANTED. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this ___ day of September 2006.

                                                     _____
                                                       Ann Aiken
                                      United States District Judge